UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT BOWLING GREEN

**WILLIAM B. WALKER**                                                                  **PETITIONER**

v.                                       **CIVIL ACTION NO. 1:09CV-P82-M**

**JOSEPH MEKO, WARDEN**                                       **RESPONDENT**

## MEMORANDUM AND ORDER

Petitioner William B. Walker filed a *pro se* petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (DN 1) and supplemental memorandum (DN 6), challenging his 1998 Warren Circuit Court convictions (Indictment Nos. 97-CR-00242-001, 97-CR-00268, and 98-CR-00173). He paid the requisite $5.00 filing fee.

A review of the Court's records reveals that by Order entered November 13, 2003, the Court dismissed with prejudice a prior § 2254 petition filed by Walker challenging the same Warren Circuit Court convictions; the Court also denied a certificate of appealability (DN 23). *See* Civil Action No. 1:02CV-P164-M. In dismissing the petition, the Court adopted the Magistrate Judge's Report and Recommendation. The Magistrate Judge recommended dismissal with prejudice under Fed. R. Civ. P. 41(b) due to Walker's conscious and blatant decision not to comply with a prior Order entered by the Honorable Chief Judge Thomas B. Russell requiring Walker to exhaust his state-court remedies before returning to federal court (DN 21).

Following this Court's dismissal with prejudice, Walker filed a motion to alter or amend judgment, which this Court denied (DN 25). Walker also appealed this Court's dismissal, and by order filed September 17, 2004, the Sixth Circuit Court of Appeals denied Walker an application for certificate of appealability (DN 31).

Because Walker's prior habeas petition was dismissed with prejudice under Fed. R. Civ. P. 41(b) due to his failure to comply with a prior Order of this Court directing exhaustion before returning to federal court, the instant petition is a second or successive petition. *See* Fed. R. Civ. P. 41(b) ("[A] dismissal under this subdivision (b) . . . operates as an adjudication on the merits."). Under 28 U.S.C. § 2244(b)(3)(A), "[b]efore a second or successive petition permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." Walker failed to obtain authorization from the Sixth Circuit prior to filing the instant petition.

Accordingly**, IT IS ORDERED** that the petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 (DN 1) and the supplemental memorandum (DN 6) are **TRANSFERRED** to the Sixth Circuit Court of Appeals pursuant to 28 U.S.C. § 1631 and *In re Sims*, 111 F.3d 45, 46 (6th Cir. 1997).

Date:

cc:   Petitioner, *pro se*
      Clerk, Sixth Circuit Court of Appeals
4414.005